**UNITED STATES of America,**

v.

**Julius DeSIMONE; Donald Torriero; Cross Nicastro, Dominick Mazza; and Mazza & Sons, Inc., Defendants.**

**No. 5:11–CR–264.**

United States District Court,
N.D. New York.

May 30, 2013.

531 F.3d 813, 819–20 (9th Cir.2008); *United States v. City of Ft. Lauderdale,* 81 F.Supp.2d 1348, 1350 (S.D.Fla.1999).

Richard S. Hartunian, United States Attorney, Todd W. Gleason, Esq., Gary Donner, Esq., United States Department of Justice, Craig A. Benedict, Esq., Assistant United States Attorney, Syracuse, NY, for United States of America.

Angelo Musitano, Esq., Office of Angelo Musitano, Niagara Falls, NY, for Defendant Nicastro.

Paul B. Brickfield, Esq., Brickfield & Donahue, River Edge, NJ, for Defendant Mazza.

Joseph P. Rem, Esq., Kimberly M. Zimmer, Esq., Robert Zeller, Esq., Rem Zeller Law Group, Hackensack, NJ, for Defendant Mazza & Sons, Inc.

## MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

### I. INTRODUCTION

Defendants Dominick Mazza ("Mazza") and Mazza & Sons, Inc. ("M & S") (collectively "Mazza defendants") move for a new trial based on newly discovered evidence pursuant to Fed.R.Crim.P. 33 ("Rule ____"). Defendant Cross Nicastro ("Nicastro") joined the Mazza defendants' motion. The United States of America ("the government") filed a consolidated response in opposition to the motions. The Mazza defendants replied. Nicastro joined, with permission, in the Mazza defendants' reply. The motion was taken on submission without oral argument.

### II. BACKGROUND

Following a jury trial, Nicastro was found guilty of Count 1, Conspiracy to Defraud the United States and to Knowingly Commit Offenses against the United

States. Mazza was found guilty of three charges: (1) Count 1, Conspiracy to Defraud the United States and to Knowingly Commit Offenses against the United States; (2) Count 2, Release of a Reportable Quantity of Asbestos; and (3) Count 7, False Statements. M & S was found guilty of the four charges against it: (1) Count 1, Conspiracy to Defraud the United States and to Knowingly Commit Offenses against the United States; (2) Count 2, Release of a Reportable Quantity of Asbestos; (3) Count 5, Obstruction of Justice; and (4) Count 7, False Statements.

The defendants' motions for judgment of acquittal pursuant to Rule 29, or in the alternative for a new trial pursuant to Rule 33, were denied in a Memorandum–Decision and Order entered on March 13, 2013. *See United States v. DeSimone*, No. 5:11–CR–264, 2013 WL 2309692 (N.D.N.Y. Mar. 13, 2013). Familiarity with the facts and previous decision is assumed. *See id.* at *2–3.

### III. STANDARD—RULE 33 MOTION FOR A NEW TRIAL

A judgment may be vacated and a new trial granted "if the interest of justice so requires." Rule 33. A defense "motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." *Id.* 33(b)(1).

■■■ Newly discovered evidence can provide the basis for a new trial only where " 'the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal.' " *United States v. Owen*, 500 F.3d 83, 87 (2d Cir.2007) (quoting *United States v. Alessi*, 638 F.2d 466, 479 (2d Cir.1980)); *United States v. Spencer*, 4 F.3d 115, 119 (2d Cir.1993). Even where evidence is new and non-cumulative, if it is not material then a new trial is not warranted. *Spencer*, 4 F.3d at 119. Further, new evidence going to the credibility of a government witness, but which "does not directly contradict the government's case," does not warrant a new trial. *Id.*

■■■ A new trial should be granted only in "the most extraordinary circumstances." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir.2001). The jury's credibility assessments must be adhered to except in the most exceptional circumstances, where manifest injustice would result from allowing the jury's verdict to stand. *Id.* at 133–34. A balance must be struck "between weighing the evidence and credibility of witnesses and not 'wholly usurp[ing]' the role of the jury." *Id.* at 133 (quoting *United States v. Autuori*, 212 F.3d 105, 120 (2d Cir.2000)). An objective evaluation must be made after "examin[ing] the entire case, tak[ing] into account all facts and circumstances." *Id.* at 134. A new trial should not be granted unless there is "a real concern that an innocent person may have been convicted." *Id.*

### IV. DISCUSSION

The jury verdicts against defendants were entered on October 16, 2012. The Mazza defendants filed their Rule 33 motion on April 24, 2013. Nicastro filed his motion pursuant to Rule 33 on April 30, 2013. Thus, the defendants' motions were filed within three years of the entry of the guilty verdicts, making the motions timely. *See* Rule 33(b)(1).

■■■ Defendants contend that a new trial is warranted on all counts because of the evidence discovered four months after trial that Justus Derx ("Derx"), a Special Agent with the Environmental Protection Agency, performed his field test for friability of

asbestos after the National Enforcement Investigation Center ("NEIC") laboratory testing was completed. The Mazza defendants further contend that as to Count 2, Release of a Reportable Quantity of Asbestos, the government failed to provide discovery of the timing of the Derx friability test, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Rule 16.

■ As was determined at the trial and confirmed on post-trial motions, the applicable definition of friable asbestos is "any material containing more than 1 percent asbestos, as determined using Polarized Light Microscopy, that, when, dry, can be crumbled, pulverized, or reduced to powder by hand pressure." *See* Court's Ex. 2, at 44 (ECF No. 187). Again as previously determined, the NEIC laboratory results pertaining to the samples of construction and demolition debris taken at the Frankfort site reported that the samples contained asbestos, but failed to specify that the asbestos was friable. Derx testified at trial that he manipulated the solid piece of material in the sample bag with his hands causing fibers and debris to crumble from the material. Defense counsel cross-examined Derx, but failed to question him about when he performed the hand manipulation, or "field test," of the sample that produced fibers and debris. Derx was available for cross-examination as to the timing of his performing this field test, but defense counsel failed to question him in this regard. Therefore, with due diligence, the defense could have determined when Derx performed the field test. According to the defendants, the government gave the "clear impression and understanding" that Derx performed the field test contemporaneously with the taking of the sample at the landfill site. Mazza Defts.' Mem. at 1–2 (ECF No. 233–1). However, an "impression" given by the government in its pres-

entation of evidence does not relieve the defendants of the obligation to pursue all relevant facts related to the evidence presented by the government. *See United States v. Jimenez–Mora,* 104 F.3d 354 (Table), 1996 WL 636559, at *1 (2d Cir.1996) (unpublished opinion). In *Jimenez–Mora,* the government disclosed prior to the trial that misconduct of a government witness had been alleged. *Id.* The court found that the misconduct was not "new evidence" because the defense, in the exercise of due diligence, could have pursued the misconduct allegations on cross-examination, rather than rely on the government's suggestion that the allegations were "without substance." *See id.* Similarly, here Derx's performance of the field test was revealed prior to and during trial. The defense, in exercise of due diligence, could have questioned when and where Derx performed the field test. Relying on an impression left by the government that Derx performed the field test at the time and place where the sample was taken is insufficient to excuse failure to pursue that line of questioning. Thus, the facts of when and where Derx performed the field test were not "new evidence" justifying grant of a new trial.

■ Additionally, even if the time and place of Derx's performance of the field test could be considered new evidence, it could not be considered material evidence that would have led to a different result. A plethora of evidence was presented by the government at trial that the construction and demolition debris at the Frankfort landfill site contained friable asbestos. For example, Mazza testified that the construction and demolition debris shipped by M & S to the Frankfort site for dumping consisted of "fines," or pulverized material. Brandi McPeak, a New Jersey state environmental agency inspector, testified that during inspections she observed

construction and demolition debris being subjected to grinding by machines at M & S. Two sources testified that the use of industrial grinders on the type of solid materials which were part of the construction and demolition debris from M & S would and did render the material friable, even though the solid material itself is non-friable. Derx testified that he observed the piles of construction and demolition debris from M & S at the Frankfort site, and the piles contained not only pieces or chunks of solid material but also pulverized material including fibers. As previously discussed, Derx also testified that upon manipulation of the material in a sample bag with his hands, fibers and debris crumbled away from the solid material. Thus, given the overwhelming evidence not only that the asbestos-contaminated construction and demolition debris was friable when it left M & S, but also that the M & S material could be "reduced to powder by hand manipulation" at the Frankfort site after it was dumped, in accordance with the definition of friable asbestos as charged, testimony that Derx performed the field test on the sample well after the NEIC laboratory tests were performed was cumulative and impeaching, and would not have led to an acquittal.

In sum, the timing and location of the field test by Derx was not material new evidence.[1] Further, any testimony regarding when and where Derx performed his field test would not have been contradictory to the other evidence presented in the government's case. Based upon the foregoing, there is no concern that innocent persons may have been convicted. Therefore, a new trial pursuant to Rule 33 based upon newly discovered evidence is not warranted.

██ The Mazza defendants also contend that the government violated *Brady* and Rule 16 expert disclosure in not providing information about when and where Derx performed his field test of the applicable samples. Withholding by the prosecution of material exculpatory evidence violates due process, warranting a new trial. *Brady*, 373 U.S. at 86–87, 83 S.Ct. at 1196–97. Rule 16 requires disclosure of a summary of an expert's proposed testimony upon the defendant's request. Rule 16(a)(1)(G).

As discussed above, information about Derx's performance of the field test was not material and was not exculpatory. Therefore, no *Brady* violation occurred.

██ Next, there is no contention that the government failed to disclose that Derx would testify as an expert regarding identification and sampling of suspected asbestos-containing materials. He did, in fact, testify extensively about his observations of the materials at the Frankfort site and his sampling of those materials. However, his testimony about crumbling a solid piece of material in a sample bag must be characterized as lay testimony, as it did not require any scientific or other expertise. Moreover, he gave no expert opinion

---

1. The Mazza defendants submitted the affidavit of Jason Hooper in support of their motion. Hooper, a certified collector of asbestos samples in New Jersey, New York, and Pennsylvania, avers that NEIC testing could have changed the composition of the samples, and that a delay in performing a field test of hand manipulation of the samples could have yielded different results than a test performed at the time of the sampling. *See* Defts.' Mem. Ex. C (ECF No. 233–1 at ECF pp. 54–58). Defendants submitted no authority for acceptance of this affidavit. However, because of the determination that the timing of the field test conducted by Derx was not material new evidence, it is unnecessary to decide whether that affidavit is properly before the Court, and, if so, what affect it may have on the analysis.

as to the crumbling of the material. He merely reported the fact that when he applied hand pressure to the sample in the bag, fibers and debris crumbled away. Therefore, the government did not fail to meet its obligations for expert disclosure under Rule 16 regarding the field test of the sample performed by Derx. Purported *Brady* and Rule 16 expert disclosure violations do not justify a new trial.

## V. *CONCLUSION*

Evidence that Derx performed his field test on the samples after NEIC testing could have been discovered by the defense before or during trial. Moreover, any such evidence would merely be cumulative and would not contradict the government's case. Therefore, it was not material new evidence that would justify a new trial. There are no extraordinary circumstances, or any concern that an innocent person may have been convicted, such that the interest of justice requires new trial under Rule 33. As was previously determined, the jury's verdict must stand.

Accordingly, it is

ORDERED that

1. Defendants Dominick Mazza and Mazza & Sons, Inc.'s motion for a new trial based upon newly discovered evidence pursuant to Fed.R.Crim.P. 33 is DENIED; and

2. Defendant Cross Nicastro's motion for a new trial based upon newly discovered evidence pursuant to Fed.R.Crim.P. 33 is DENIED.

IT IS SO ORDERED.